UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ERIC ADAMS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:19-cv-03438-JRS-TAB |
| | ) | |
| WARDEN, | ) | |
| | ) | |
| Respondent. | ) | |

**ENTRY DENYING PETITION FOR WRIT OF HABEAS CORPUS
AND DIRECTING ENTRY OF FINAL JUDGMENT**

The petition of Eric Adams for a writ of habeas corpus challenges a prison disciplinary proceeding identified as IYC 19-03-0043. For the reasons explained in this Entry, Mr. Adams' habeas petition must be **denied**.

**A.     Overview**

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal,* 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell,* 418 U.S. 539, 563-67 (1974).

### B. The Disciplinary Proceeding

On March 5, 2019, Investigator Prulhiere charged Mr. Adams with offense B-208, security threat group/unauthorized organizational activity, in case IYC 19-03-0043. The report of conduct states:

> On 3/5/19 at 4:45pm I, Officer A Prulhiere, was conducting a cell search of West Dorm cell M-21U during which I found tattoo stencils containing STG imagery in the property box of Offender Adams, Eric L DOC# 992106 M-21U. I identified the property box based on mail that was addressed to Offender Adams.

Dkt. 6-1.

Attached to the report was the notice of confiscated property and photographs of the evidence. Dkt. 6-1 at 2-4. The photograph of the tattoo designs showed some marijuana motifs, a picture of characters apparently from the movie "Nightmare Before Christmas," and a design of Bart Simpson with tattoo designs which included five point stars. Dkt. 6-1 at 3.

The Security Threat Group (STG) Coordinator reviewed the designs and stated, in relevant part:

> After reviewing the evidence I, STG Coordinator L. Glenn, can confirm that some of the items did contain STG material that is consistent with the People Nation STG. This includes several five point stars and the word "Almighty" with a five point star over the "I".

Dkt. 6-1 at 5.

On March 6, 2019, the screening officer notified Mr. Adams of the charge and provided him with copies of the report of conduct and the notice of disciplinary hearing (screening report). Dkt. 6-2. Mr. Adams pleaded not guilty, requested that Offender Matthew Hensley, DOC # 201258, be called as a witness and requested that he be asked, "Was the 'Almighty' drawing yours?" *Id*. Mr. Adams did not request any physical evidence. *Id*.

On March 6, 2019, offender Hensley provided a witness statement, which stated:

> Yes the almighty drawing was mine that I drew for someone else. It was in a envelope on my box (the light grey box). It was with a bunch of other drawings. A coy fish, a hear no see no speak no evil, a wing with calander years, a bullet for my valentine magazine clipping. Everything in the envelope was mine.

Dkt. 6-3 at 2.

On March 8, 2019, the disciplinary hearing officer held a hearing in case IYC 19-03-0043. Mr. Adams pleaded not guilty and provided the following comment at the hearing: "Offender states that the STG material was not found in his box. He also stated that the STG material belonged to another offender, and the report has the other offender bed location on it, and the offender states that the other offender (Hensley) claimed that it was his." Dkt. 6-3 at 1.

After considering the conduct report, the witness statement, and photo, the hearing officer found Mr. Adams guilty of offense 208B, security threat group/unauthorized organizational activity. *Id.* The hearing officer's reason for the guilty decision was as follows: "Based on staff report, witness statement, and photo, DHB finds offender Adams #992106 guilty of 208B." *Id.* The hearing officer imposed the following sanctions: a 30-day loss of earned credit time; 20 hours of extra work duty; and a 30-day loss of commissary and phone privileges. *Id.*

On March 8, 2019, Mr. Adams appealed to the facility head, who denied his appeal on March 29, 2019. Dkt. 6-4. The facility head stated that, "[w]hile the bed location listed on the conduct report was not yours, it was the same cell as the items were located. The box where the drawings were found was identified as yours based on the other property that was located in the box when it was searched. While another offender may have claimed that the drawings were his, they were found in a box that was identified as yours indicating that you were in possession of the items." *Id.* Mr. Adams' subsequent appeal to the final reviewing authority for the Indiana Department of Correction was denied on May 6, 2019. Dkt. 6-5. This habeas action followed.

C.      Analysis

Mr. Adams alleges that his due process rights were violated in the disciplinary proceeding. His claims are summarized as the following: 1) his cell-mate claimed that the drawing was his; 2) he was denied an impartial decisionmaker; and 3) the conduct report shows that he did not live where the drawing was found. Dkt. 1 at 2-3.

The first and third claims challenge the sufficiency of the evidence. Those claims will be discussed later in this Entry. For his second claim, Mr. Adams argues that he was denied an impartial decisionmaker. Inmates are entitled to an impartial decision-maker. A prison official who is "directly or substantially involved in the factual events underlying the disciplinary charges, or in the investigation thereof," may not adjudicate those charges. *Piggie v. Cotton,* 342 F.3d 660, 667 (7th Cir. 2003). Mr. Adams, however, has alleged no facts that would render the hearing officer partial or biased. "Adjudicators are entitled to a presumption of honesty and integrity." *Id.* at 666. "[T]he constitutional standard for impermissible bias is high." *Id.*

Indeed, Mr. Adams contends that the hearing officer was not impartial because he did not dismiss the disciplinary charge. Mr. Adams reports that when offender Hensley was written up for possession of the same drawings, Mr. Adams admitted that *he* was guilty of a Code 202 possession. Dkt. 1 at 2. The charge against Mr. Hensley was then dismissed. *Id.* Mr. Adams argues that because offender Hensley admitted to possessing the materials in this case, Mr. Adams should have likewise been cleared of wrongful conduct. These circumstances do not demonstrate partiality. Rather, this claim is meritless for obvious reasons. To the extent that the two offenders had a plan to each admit to possession in the other offender's disciplinary proceeding, that plan worked for just one of them, Mr. Hensley. By admitting to possession in another proceeding and

acknowledging that in this action, Mr. Adams has weakened not only his partiality claim, but he has defeated any plausible claim of insufficient evidence.

"Under *Hill*, 'the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board.'" *Donelson v. Pfister*, 811 F.3d 911, 916 (7th Cir. 2016)) (quoting *Hill*, 472 U.S. at 455-56)); *see also Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) (same). The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). The conduct report "alone" can "provide[] 'some evidence' for the . . . decision." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999). Here, the conduct report and the statement by the STG Coordinator constitute sufficient evidence to support the charge of possessing STG material. The Court cannot reweigh the evidence as requested by Mr. Adams. *Hill*, 472 U.S. at 455. Mr. Adams' challenges to the sufficiency of the evidence fail.

Mr. Adams was given proper notice and had an opportunity to defend the charge. The hearing officer provided a written statement of the reasons for the finding of guilt and described the evidence that was considered. There was sufficient evidence in the record to support the finding of guilt. Under these circumstances, there were no violations of Mr. Adams' due process rights.

### D. Conclusion

For the above reasons, Mr. Adams is not entitled to the relief he seeks. His petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

5

Date: 3/19/2020

_____
JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

ERIC ADAMS
992106
PLAINFIELD - CF
PLAINFIELD CORRECTIONAL FACILITY
Inmate Mail/Parcels
727 MOON ROAD
PLAINFIELD, IN 46168

Katherine A. Cornelius
INDIANA ATTORNEY GENERAL
katherine.cornelius@atg.in.gov